IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Ex rel.* Charles E. Moore, ) | ) |
| ) | Civil Action No._____ |
| Plaintiff, ) | ) |
| ) | |
| vs. ) | **FILED *IN CAMERA* AND** |
| ) | **UNDER SEAL** |
| CARDINAL FINANCIAL COMPANY, L.P ) | |
| WELLS FARGO BANK, N.A. ) | **FALSE CLAIMS ACT** |
| E&W REALTY, LLC ) | **FHA LOAN FRAUD** |
| NATIONAL HOMES, LLC ) | |
| KMJ REALTY, LLC ) | |
| KATHRYN JEWELL ) | |
| JONATHAN LEE MILES ) | **JURY TRIAL DEMANDED** |
| RONALD MILES ) | |
| BOOMERANG PROPERTIES, LLC ) | |
| ROBERT S. SVEHLAK ) | |
| ) | |
| Defendants. ) | |
| ) | |

---

### PLAINTIFFS' COMPLAINT
### PURSUANT TO 31 U.S.C §§ 3729-3732 OF
### THE FEDERAL FALSE CLAIMS ACT

The United States of America, by and through *qui tam* relator Charles E. Moore

(hereinafter "Relator"), brings this action pursuant to 31 U.S.C. §3729, *et seq.*, as amended

(hereinafter "the False Claims Act") to recover all damages, penalties and other remedies

established by the False Claims Act on behalf of the United States of America (alternatively

referred to hereafter as "the Government").

1

# I.   **INTRODUCTION**

1.     This is an action to recover damages and civil penalties on behalf of the United States of America, for violations of the False Claims Act arising from false or fraudulent records, statements, or claims, or any combination thereof, made, used or caused to be made, used, or presented, or any combination thereof, by the defendants, their agents, employees, or co-conspirators, or any combination thereof, with respect to false claims made for mortgage insurance by the Federal Housing Administration (FHA).

2.     This Complaint is based upon 27 suspected fraudulent FHA-insured mortgage loans with a gross principal amount in excess of $2.99 Million.

3.     The 27 subject transactions (also referred to herein as "cases" or "subject mortgages") were originated between July 2009 and November 2010.

4.     The 27 subject transactions are believed to be the product of a scheme to sell properties at inflated prices to straw buyers qualified for FHA-insured mortgages.

5.     The scheme is believed to have been primarily perpetrated by Defendant Kathryn Jewell acting in concert with other defendants who were associated with Transatlantic Mortgage, LLC.

6.     Each of the subject transactions, which are detailed in a report attached hereto as **EXHIBIT 1,** have resulted or are soon expected to result in losses to the Government.

7.     The contents of Exhibit 1 are incorporated by reference as if fully stated herein.

8.     In total, the expected loss to the Government for the false claims in these transactions is estimated to be between $2 Million and $2.6 Million.

9.     Additional fraudulent transactions that are the product of this scheme may also exist.

FILED UNDER SEAL

## A. The False Claims Act

10.     The False Claims Act was enacted during the Civil War. Congress amended the False Claims Act in 1986 to enhance the Government's ability to recover losses sustained as a result of fraud against the United States after finding that fraud was pervasive in federal programs, and that the False Claims Act, which Congress characterized as the primary tool for combating government fraud, was in need of modernization. Congress intended that the amendments create incentives for individuals with knowledge of fraud against the government to disclose the information without fear of reprisals or Government inaction and to encourage the private bar to commit legal resources to prosecuting fraud on the Government's behalf.

11.     The False Claims Act provides that any person who knowingly submits, or causes the submission of, a false or fraudulent claim to the U.S. Government for payment or approval is liable for a civil penalty of up to $11,000 for each such claim, plus three times the amount of the damages sustained by the Government.

12.     The Act allows any person having information about a false or fraudulent claim against the Government to bring an action for himself and the Government, and to share in any recovery. The Act requires that the complaint be filed under seal for a minimum of 60 days (without service on the defendant during that time) to allow the Government time to conduct its own investigation and to determine whether to join the suit.

## B. FHA Mortgage Insurance Fraud

13.     The Federal Housing Administration ("FHA") of the Department of Housing and Urban Development ("HUD") is the largest mortgage insurer in the world. FHA mortgage insurance makes home ownership possible for millions of American families by protecting lenders against defaults on mortgages, thereby encouraging lenders to make loans to

FILED UNDER SEAL

borrowers who might not be able to meet conventional underwriting requirements. FHA accepts a fixed level of risk set by statute and HUD rules. FHA relies on this fixed level of risk to set appropriate mortgage insurance premiums to offset the costs of paying FHA insurance claims. By controlling risk and setting appropriate insurance premiums, FHA has been able to operate based solely on the income it generates from mortgage insurance premium proceeds. Since its inception in 1934, FHA has insured more than 34 million home mortgages. FHA currently insures approximately one third of all new residential mortgages in the United States.

14.     To assist as many qualified homeowners as possible, and to provide maximum economic opportunities to lenders interested in obtaining FHA insurance on mortgages, FHA operates a Direct Endorsement Lender program with lenders in the private sector. The Direct Endorsement Lender program grants participating lenders the authority to endorse mortgages that are qualified for FHA insurance. In reviewing mortgages for eligibility for FHA insurance, Direct Endorsement Lenders are entrusted with safeguarding the public from taking on risks that exceed statutory and regulatory limits. Direct Endorsement Lenders act as fiduciaries of HUD in underwriting mortgages and endorsing them for FHA insurance.

15.     The integrity of the Direct Endorsement Lender program requires participating Direct Endorsement Lenders to carefully review mortgages to ensure compliance with HUD rules. HUD entrusts Direct Endorsement Lenders with great responsibility, and therefore places significant emphasis on the lenders' qualifications. To qualify as a Direct Endorsement Lender, a lender must implement a mandatory quality control plan. Quality control plans are necessary to ensure that Direct Endorsement Lenders follow all HUD rules, and to provide procedures for correcting problems in a lender's underwriting operations.

4

16.    An essential part of every quality control plan is the auditing of all early payment defaults, *i.e.*, those mortgages that default soon after closing. Early payment defaults may be signs of problems in the underwriting process. By reviewing early payment defaults, Direct Endorsement Lenders are able to monitor those problems, correct them, and report them to HUD. Every Direct Endorsement Lender must make an annual certification of compliance with the Direct Endorsement Lender program's qualification requirements, including the implementation of a mandatory quality control plan.

17.    On a mortgage-by-mortgage basis, HUD requires Direct Endorsement Lenders to conduct due diligence to ensure that each mortgage is eligible for FHA insurance as set forth in HUD rules. These rules exist to prevent HUD from insuring mortgages that are fraudulent or otherwise exceed the risk levels set by statute and regulations. A Direct Endorsement Lender must assure HUD that every endorsed mortgage meets all HUD rules. HUD requires the Direct Endorsement Lender to certify, for each mortgage the lender endorses, that the lender has conducted due diligence in accordance with all HUD rules. Absent a truthful mortgage eligibility certification, a Direct Endorsement Lender cannot endorse a mortgage for FHA insurance.

## II.    JURISDICTION AND VENUE

18.    This Court has jurisdiction pursuant to 31 U.S.C. § 3730(a), 28 U.S.C. §§ 1331 and 1345, and the Court's general equitable jurisdiction.

19.    Venue is appropriate in this judicial district pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1391(b)(1) and (c) because the transactions giving rise to this Complaint occurred in this judicial district. Furthermore, the defendants transact significant business within this district and are subject to personal jurisdiction in this judicial district.

5

### III.   **PARTIES**

20.      Relator Charles E. Moore (hereinafter "Moore") is an individual Maryland resident whose address is 370 Magothy Road, Severna Park, Maryland 21146. Moore and undersigned counsel first became aware of the subject matter reported herein in fall 2011 during a state court confessed judgment proceeding when Defendant Robert S. Svehlak submitted a suspicious exhibit in that proceeding.[1] Moore is a former mortgage broker with significant knowledge and experience pertaining to FHA loan programs and real estate transactions.

21.      Defendant Cardinal Financial Company, Limited Partnership (hereinafter "Cardinal"), is a Pennsylvania limited partnership, with principal offices located at 444 Jacksonville Road, Warminster, Pennsylvania 18974. Cardinal regularly did business in Maryland during the time period set forth in the Complaint. Upon information and belief, Cardinal is a Direct Endorsement Lender and served as the original mortgage lender for all of the loans which are the subject of this Complaint. Upon information and belief, Cardinal was responsible for supplying false information to FHA to secure insurance on the mortgages which are the subject of this Complaint. The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, Maryland 21201, serves as the resident agent of Cardinal.

22.      Defendant Wells Fargo Bank, N.A. (hereinafter "Wells Fargo"), is a Minnesota corporation with principal offices located at 101 N. Phillips Avenue, Sioux Falls, South Dakota 57104. Wells Fargo regularly does business in this judicial district. Upon information and belief, nearly all of the suspicious transactions that are the subject of this

---

[1] The Relator, through undersigned counsel, reported the matter extensively to the U.S. Department of Housing and Urban Development (HUD) and the U.S. Attorney's Office in Baltimore beginning on or about November 1, 2011. None of the subject matters in this Complaint have been the subject of any publication except for very limited details about one of the subject transaction s, to the extent relevant, by the Relator in a state court proceeding. Nothing about any of the transactions herein has been published by any other source. That transaction is #19 of the FHA cases presented in Exhibit 1.

FILED UNDER SEAL

Complaint were immediately assigned by Cardinal to Wells Fargo. Upon information and belief, Wells Fargo is a Direct Endorsement Lender. CSC-Lawyers Incorporating Service Company, 7 Saint Paul Street, Suite 1660, Baltimore, Maryland 21202, serves as the resident agent of Wells Fargo.

23. Defendant E&W Realty, LLC (hereinafter "E&W") is a Maryland limited liability company with principal offices at 2500 Frederick Avenue, Baltimore, Maryland 21223. E&W is believed to be under the sole ownership and control of Defendant Kathryn Jewell. E&W was the seller in a large number of the fraudulent transactions that are the Subject of this Complaint.

24. Defendant Kathryn Jewell (hereinafter "Jewell") is an individual Maryland resident whose address is 433 Wheeler School Road, Pylesville, Maryland 21132. Upon information and belief, Jewell played a material role and substantially profited from all of the fraudulent transactions that are the subject of this Complaint.

25. Defendant National Homes, LLC (hereinafter "National Homes") is a Maryland limited liability company with principal offices at 2027 Wilkens Avenue, Baltimore, Maryland 21223. National Homes is the seller in several of the fraudulent transactions that are the subject of this Complaint. Upon information and belief, National Homes is under the sole ownership and control of Jewell.

26. Defendant KMJ Realty, LLC (hereinafter "KMJ") is a Maryland limited liability company with principal offices at 5002 Beaufort Avenue, Baltimore, Maryland 21215. KMJ is the seller in one of the fraudulent transactions that is the subject of this Complaint. Upon information and belief, KMJ is under the sole ownership and control of

FILED UNDER SEAL

Jewell. Hereinafter, Defendants Jewell, E&W, National Homes and KMJ are collectively referred to as the "Jewell Defendants."

27.     Defendant Ron Miles (hereinafter "Ron Miles") is an individual Maryland resident whose address is 10 Fannies Meadow Court, Westminster, Maryland 21158. Upon information and belief, Ron Miles served as the president and managing member of a now-defunct Maryland limited liability company, Transatlantic Mortgage, LLC (hereinafter "Transatlantic"). Upon information and belief, Transatlantic served as the broker or originator for all of the fraudulent mortgage transactions, which are the subject of this Complaint. Upon information and belief, Transatlantic and Ron Miles profited from each of the suspected fraudulent transactions, which are the subject of this Complaint.

28.     Defendant Jonathan Lee Miles (hereinafter "Jonathan Miles") is a Pennsylvania resident whose address is 14937 Kilgore Road, Stewartstown, Pennsylvania 17363. Upon information and belief, Jonathan Miles served as an employee or agent of Transatlantic during the time period set forth in the Complaint. Upon information and belief, Jonathan Miles was the originator of each of the suspected fraudulent transactions that are the subject of this Complaint. Upon information and belief, Jonathan Miles profited from each of the suspected fraudulent transactions, which are the subject of this Complaint. Hereinafter, Defendants Ron Miles and Jonathan Lee Miles are collectively referred to as "the Transatlantic Defendants."

29.     Defendant Boomerang Properties, LLC (hereinafter "Boomerang") is a Maryland limited liability company with principal offices at 925 Placid Court, Arnold, Maryland 21012. Upon information and belief, Boomerang is the seller in one of the suspected fraudulent transactions which is the subject of this Complaint. Upon information

FILED UNDER SEAL

and belief, Boomerang profited from and was complicit with E&W and Jewell in one of the fraudulent transactions, which is the subject of this Complaint.

30.     Defendant Robert S. Svehlak (hereinafter "Svehlak") is an individual Maryland resident whose address is 925 Placid Court, Arnold, Maryland 21012. Upon information and belief, Svehlak owns a controlling interest in Boomerang. Upon information and belief, Svehlak was one of two principals that owned and operated a fraudulent lending enterprise, the primary purpose of which was to obtain collateral and serve as cover for a scheme to secure fraudulent FHA-insured and conventional mortgages from legitimate financial institutions.[2] Upon information and belief, Svehlak made materially false statements to secure FHA mortgage insurance in one of the transactions that is the subject of this Complaint. Hereinafter, Defendants Boomerang and Svehlak are collectively referred to as "the Boomerang Defendants."

## IV.    **APPLICABLE LAW**

*A. The National Housing Act of 1934 (12 U.S.C. §1707 et seq., as amended)*

31.     FHA is the largest insurer of residential mortgages in the world. Pursuant to the National Housing Act of 1934, FHA offers various mortgage insurance programs. Through these programs, FHA insures approved lenders against losses on mortgage loans. FHA mortgage insurance may be granted on mortgages used to purchase homes, improve homes, or to refinance existing mortgages. FHA's single-family mortgage insurance programs cover owner-occupied principal residences.

32.     FHA mortgage insurance programs help low-income and moderate-income families become homeowners by lowering some of the costs of their mortgage loans. FHA

---

[2] That enterprise is also the subject of a separate action filed contemporaneously herewith.

FILED UNDER SEAL

mortgage insurance encourages lenders to make loans to otherwise creditworthy borrowers and projects that might not be able to meet conventional underwriting requirements by protecting the lenders against defaults on mortgages.

33.     To qualify for FHA mortgage insurance, a mortgage must meet all of the applicable HUD requirements. Those requirements relate to, among other things, the adequacy of the borrower's income to meet the mortgage payments and other obligations, the borrower's creditworthiness, and the appropriateness of the valuation of the property subject to the mortgage.

34.     HUD operates the Direct Endorsement Program as part of the FHA-insured mortgage program. Under the Direct Endorsement process, HUD does not itself conduct a detailed review of applications for mortgage insurance before an FT-IA-insured mortgage closes. Rather, approved lenders, called Direct Endorsement Lenders, must determine whether the proposed mortgage is eligible for FHA insurance under the applicable program regulations. A Direct Endorsement Lender underwrites and closes mortgages without prior HUD review or approval. Direct Endorsement Lenders submit documentation regarding underwritten loans after the mortgage has closed, and certifies that the endorsed mortgage complies with HUD rules.

35.     The Direct Endorsement Program works as follows: The Direct Endorsement Lender originates a proposed loan, or in some instances, acts as a sponsoring lender by underwriting and funding proposed mortgages originated by other FHA lenders known as loan correspondents. In either case, the Direct Endorsement Lender ultimately reviews the proposed mortgage. The borrower, along with the Direct Endorsement Lender's representative, completes the loan application. A loan officer collects all supporting

FILED UNDER SEAL

documentation from the borrower and submits the application and documentation to the Direct Endorsement Lender, The Direct Endorsement Lender obtains an appraisal. A professional underwriter employed by the Direct Endorsement Lender performs a mortgage credit analysis to determine the borrower's ability and willingness to repay the mortgage debt in accordance with HUD rules. The Direct Endorsement Lender's underwriter makes the underwriting decision as to whether the mortgage may be approved for FHA insurance or not, according to HUD rules. If the underwriter has decided that the mortgage may be approved for FHA insurance in accordance with HUD rules, the Direct Endorsement Lender closes the loan with the borrower. Thereafter, the Direct Endorsement Lender certifies that the mortgage qualifies for FHA insurance. FHA endorses the loan on the basis of the Direct Endorsement Lender's certification and provides the Direct Endorsement Lender with a mortgage insurance certificate.

36. The Direct Endorsement Lender is responsible for all aspects of the mortgage application, the property analysis, and the underwriting of the mortgage. FHA endorses mortgages in reliance upon the Direct Endorsement Lender's certifications that the mortgages may be approved for FHA insurance. Direct Endorsement Lenders obligate HUD without independent HUD review.

37. In the event that a borrower defaults on an FHA-insured mortgage, the holder of the mortgage is able to submit a claim to HUD for the costs associated with the defaulted mortgage.

38. In the mortgage industry, the imprimatur of FHA mortgage insurance makes covered mortgages highly marketable for resale to investors both because such mortgages are

FILED UNDER SEAL

expected to have met all HUD requirements and because they are insured by the full faith and credit of the United States.

### B. The False Claims Act (31 U.S.C. §3729)

39.     False Claims Act liability attaches to any person who knowingly presents or causes a false or fraudulent claim to be presented for payment, or to a false record or statement made to get a false or fraudulent claim paid by the government. 31 U.S.C. §3729(a)(1)&(2).

40.     Under the False Claims Act, "knowing" and "knowingly" mean that a person, with respect to information:

      a.  has actual knowledge of the information;

      b.  acts in deliberate ignorance of the truth or falsity of the information; or

      c.  acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required. 31 U.S.C. §3729(b).

41.     The False Claims Act is violated not only by a person who makes a false statement or a false record to get the government to pay a claim, but also by one who engages in a course of conduct that causes the government to pay a false or fraudulent claim for money.

### V.     FACTUAL ALLEGATIONS

### A. A Suspected Scheme to Inflate the Sale Price of Subject Properties

42.     This Complaint is based upon a suspected fraudulent scheme to exploit the FHA mortgage insurance program in order to sell properties at inflated prices.

FILED UNDER SEAL

43.     Upon information and belief, the Jewell Defendants owned or controlled the subject properties in each of the 27 subject transactions as shown Table 2 of Exhibit 1.[3]

44.     Upon information and belief, the Boomerang Defendants acted in concert with the Jewell Defendants with regard to one of the subject transactions, as shown in Table 2 of Exhibit 1.

45.     Upon information and belief, the Jewell Defendants sought to garner illicit profits from each of the subject properties by selling the properties at inflated prices that exceeded their true market value, as shown in Table 1 of Exhibit 1.

46.     Upon information and belief, each of the purported "buyers" shown in Table 2 of Exhibit 1 was a straw buyer that never actually occupied or intended to occupy the respective subject property for each of the 27 transactions presented in Exhibit 1.

47.     Upon information and belief, the large majority of the straw buyers were immigrants who were paid by the Jewell Defendants and/or the Transatlantic Defendants in order to complete fraudulent loan documentation.

48.     Upon information and belief, the Jewell Defendants acting in concert with the Transatlantic Defendants, recruited and qualified the straw buyers for each subject transaction.

49.     Upon information and belief, each of the 27 subject transactions included an FHA-insured mortgage that was issued to a straw buyer who never intended to occupy the secured premises notwithstanding representations in the loan application and FHA program eligibility requirements.

---

[3] Defendant Kathryn Jewell executed the deed of sale in 25 of the 27 transactions. In the remaining two transactions an individual believed to have been acting in concert with Jewell executed the deed of sale. *See* Ex. 1, Table 2.

FILED UNDER SEAL

50.     Upon information and belief, each respective straw buyer was recruited from Suburban Washington, DC and resided at the address shown in Table 5 of Exhibit 1, both before and after the respective transaction closing.

51.     Upon information and belief, Shore Thing Title, LLC in Towson, Maryland served as the settlement agent for 26 of the 27 subject transactions, as shown in Table 5 of Exhibit 1.

52.     Upon information and belief, King Title Company in Pikesville, Maryland served as the settlement agent for 1 of the 27 subject transactions, as shown in Table 5 of Exhibit 1.

53.     Upon information and belief, 15 of the 27 cases presented in Exhibit 1 are already the subject of foreclosure proceedings in the Circuit Court for Baltimore, and many more are in default.

54.     Upon information and belief, the Jewell Defendants and/or the Transatlantic Defendants arranged to make the first few payments on each subject mortgage as not to raise suspicion.

55.     Upon information and belief, the straw buyers never made payments and did not expect to make payments on any of the mortgages, which are the subject of this Complaint.

56.     Upon information and belief, each of the subject mortgages defaulted as soon as payments arranged by the Jewell Defendants and/or the Transatlantic Defendants ceased.

57.     Upon information and belief, the Jewell Defendants and/or the Transatlantic Defendants knew and intended that each loan would default and that the properties would inevitably enter foreclosure.

FILED UNDER SEAL

58.    Upon information and belief, the Jewell Defendants and/or the Transatlantic Defendants intended to defraud the Government for profit.

59.    Upon information and belief, the Jewell Defendants and/or the Transatlantic Defendants garnered additional profits from some of the properties prior to foreclosure by leasing them and collecting rent.

*B.  General Failure to Discharge Duties of the Direct Endorsement Lender Program*

60.    Upon information and belief, Cardinal certified, for FHA mortgage insurance, each of the subject transactions included in Exhibit 1 with the exception of two transactions as shown in Table 3.

61.    Upon information and belief, each straw buyer was approved for an FHA-insured mortgage based upon false statements and information submitted by the Transatlantic Defendants and/or Cardinal.

62.    Upon information and belief, Cardinal served as the Direct Endorsement Lender for 25 of the 27 cases shown in Table 3 of Exhibit 1.

63.    Upon information and belief, Cardinal and/or Wells Fargo failed to adequately discharge their responsibilities pursuant to the Direct Endorsement Lender Program and either knew or should have known that each of the subject transactions, in which they were involved, was fraudulent and should not have certified them.

64.    Upon information and belief, after the settlement for each respective transaction, Cardinal and/or Wells Fargo submitted falsified documentation to FHA regarding 25 of the subject transactions shown in Exhibit 1.

FILED UNDER SEAL

65.     Upon information and belief, Cardinal and/or Wells Fargo acted recklessly and fraudulently in accepting mortgages that violated program rules and which they knew would cause losses to the Government.

66.     Upon information and belief, Cardinal and/or Wells Fargo generally profited from the resale of Government-insured mortgages, and provided incentives to agents and employees to generate and certify as many FHA-insured loans as possible without regard for their fraudulent or otherwise ineligible character for FHA insurance.

67.     Upon information and belief, Cardinal and/or Wells Fargo failed to adequately invest resources into ensuring the quality of their FHA-insured mortgages through the implementation and maintenance of effective quality review controls.

68.     Upon information and belief, Wells Fargo was the intended and immediate assignee for 24 of the 27 subject transactions as shown in Table 3 of Exhibit 1.

69.     Upon information and belief, Cardinal and/or Wells Fargo recklessly or intentionally approved these mortgages without regard for the truthfulness of the information submitted in the loan applications and without regard for whether the borrowers were actually legitimate purchasers of the properties who planned to inhabit the respective properties as represented to FHA.

70.     Upon information and belief, notwithstanding the representations made to FHA, many subject properties were nothing more than mere shells that are uninhabitable and have nominal resale value.

71.     Upon information and belief, the market value of each subject property is substantially inadequate to secure the principal amount of each respective FHA-insured mortgage, ensuring inevitable losses to the Government from each transaction.

FILED UNDER SEAL

72.     Upon information and belief, in 25 cases shown in Exhibit 1, Cardinal and/or Wells Fargo transmitted materially false documents to FHA, including but not limited to:

      a.  False HUD-1 settlement statements that purported to memorialize the disbursement of proceeds from real estate transactions;

      b.  False appraisals and material information concerning the value and condition of secured properties;

      c.  False information concerning borrowers, their intention to reside in the subject properties, their ability to repay the mortgage obligations, and the amount of assistance provided to buyers for real estate closings; and

      d.  Submitting false claims for ultimate payment by the Government.

73.     Upon information and belief, Wells Fargo and/or Cardinal were indifferent to whether the subject mortgages were legitimate because they profited irrespective of whether the Government would ultimately be forced to pay false claims on the transactions.

74.     Upon information and belief, the majority, if not all, of the subject mortgages have now defaulted and are now the subject of foreclosure actions.

75.     Upon information and belief, claims for payment have already been submitted to the Government on several of the subject transactions, and many more appear to be imminent.

76.     The Relator brings this action to seek damages and penalties for the past and future claims that violate the False Claims Act, 31 U.S.C. §§ 3729 et seq., and assist the Government in recovering for these fraudulent mortgage transactions. On behalf of the United States, the Relator seeks treble damages and the maximum penalties recoverable, pursuant to the False Claims Act.

FILED UNDER SEAL

## COUNT I
### (Violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(A), Causing False Claims)
*Against the Jewell Defendants, the Transatlantic Defendants, Cardinal, and Wells Fargo*
*(hereinafter "the Count I Defendants")*

77.     The Relator incorporates each of the preceding paragraphs by reference, as if fully restated herein.

78.     This claim applies to the FHA Cases shown in Case Ref. Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 20, 21, 22, 23, 24, 25, and 26 of Exhibit 1.

79.     The Relator seeks relief against the Count I Defendants pursuant to Section 3729(a)(1)(A) of the False Claims Act, 31, U.S.C. §3729(a)(1)(A).

80.     As set forth above, the Count I Defendants knowingly, or acting with deliberate ignorance and/or with reckless disregard for the truth, presented and/or caused to be presented, to an officer or employee of the Government, false and fraudulent claims for payment or approval in connection with of the endorsement of those FHA-insured mortgages enumerated in paragraph 79.

81.     The Government has paid insurance claims, and incurred losses, relating to FHA-insured mortgages wrongfully endorsed by Cardinal and/or Wells Fargo because of the Count I Defendants' wrongful conduct.

82.     By reason of the false claims of the Count I Defendants, the Government has been damaged in a substantial amount to be determined at trial, and is entitled to a civil penalty as required by law for each violation.

WHEREFORE, Plaintiff, United States of America, through Relator, requests the Court enter the following relief:

18

FILED UNDER SEAL

A.    That the Count I Defendants be ordered to cease and desist from further and ongoing violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(A).

B.    That this Court enter judgment against the Count I Defendants, and in favor of the United States of America, in an amount equal to three times the amount of damages the United States of America has sustained because of defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. §3729(a)(1)(A);

C.    That the Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act.

D.    That the Relator be awarded all costs of this action, including attorneys' fees and expenses; and

E.    That the Relator recovers such other relief as the Court determines to be just and proper.

## COUNT II
### (Violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(B), Use of False Statements)
*Against the Count I Defendants*

83.    The Relator incorporates each of the preceding paragraphs by reference, as if fully restated herein.

84.    This claim applies to the same subject transactions as the Count I, as referenced in paragraph 79.

85.    The Relator seeks relief against the Count I Defendants pursuant to Section 3729(a)(1)(B) of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B).

86.    As set forth above, the Count I Defendants knowingly, or acting in deliberate ignorance and/or with reckless disregard of the truth, made, used, or caused to be made or used,

19

false records and/or statements material to false or fraudulent claims in connection with the endorsement of the FHA-insured mortgages enumerated in paragraph 79.

87.     The Government paid insurance claims, and incurred losses, relating to wrongfully- endorsed FHA-insured mortgages because of the Count I Defendants' wrongful conduct.

88.     By reason of the false records and/or statements of the Count I Defendants, the Government has been damaged in a substantial amount to be determined at trial, and is entitled to a civil penalty as required by law for each violation.

WHEREFORE, Plaintiff, United States of America, through Relator, requests the Court enter the following relief:

A.     That the Count I Defendants be ordered to cease and desist from further and ongoing violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(B).

B.     That this Court enter judgment against the Count I Defendants, and in favor of the United States of America, in an amount equal to three times the amount of damages the United States of America has sustained because of defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. §3729(a)(1)(B);

C.     That the Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act.

D.     That the  Relator be awarded all costs of this action, including attorneys' fees and expenses; and

E.     That the Relator recover such other relief as the Court determines to be just and proper.

FILED UNDER SEAL

## COUNT III
### (Violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(G), Reverse False Claims)
*Against the Count I Defendants*

89.     The Relator incorporates each of the preceding paragraphs by reference, as if fully restated herein.

90.     The Relator seek relief against the Count I Defendants pursuant to Section 3729(a)(1)(G) of the False Claims Act, 31 U.S.C. §3729(a)(1)(G).

91.     This claim applies to the same subject transactions as the Count I, as referenced in paragraph 79.

92.     As set forth above, the Count I Defendants knowingly made, used or caused to be made or used false records and/or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the United States.

93.     The Government paid insurance claims, and incurred losses, relating to fraudulent FHA-insured mortgages because of the Count I Defendants' wrongful conduct.

94.     By virtue of the false records or statements made by Count I Defendants, the Government suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, and a civil penalty as required by law for each violation.

WHEREFORE, Plaintiff, United States of America, through Relator, requests the Court enter the following relief:

A.     That the Count I Defendants be ordered to cease and desist from further and ongoing violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(G).

FILED UNDER SEAL

B.      That this Court enter judgment against the Count I Defendants, and in favor of

the United States of America, in an amount equal to three times the amount of damages the

United States of America has sustained because of defendants' actions, plus a civil penalty of

not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. §3729(a)(1)(G);

C.      That the Relator be awarded the maximum amount allowed pursuant to

§3730(d) of the False Claims Act.

D.      That the Relator be awarded all costs of this action, including attorneys' fees

and expenses; and

E.      That the Relator recover such other relief as the Court determines to be just and

proper.

**COUNT IV**
**(Violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(A), Causing False Claims)**
*Against All Defendants*

95.     The Relator incorporates each of the preceding paragraphs by reference, as if

fully restated herein.

96.     This claim applies only to the FHA Case shown in Case Ref. No. 19 of Exhibit

1.

97.     The Relator seeks relief against the Defendants pursuant to Section

3729(a)(1)(A) of the False Claims Act, 31, U.S.C. §3729(a)(1)(A).

98.     As set forth above, the Defendants knowingly, or acting with deliberate

ignorance and/or with reckless disregard for the truth, presented and/or caused to be

presented, to an officer or employee of the Government, false and fraudulent claims for

FILED UNDER SEAL

payment or approval in connection with of the endorsement of those FHA-insured mortgages enumerated in paragraph 97.

99.    The Government has paid insurance claims, and incurred losses, relating to FHA-insured mortgages wrongfully endorsed by Cardinal and/or Wells Fargo because of the Defendants' wrongful conduct.

100.    By reason of the false claims of the Defendants, the Government has been damaged in a substantial amount to be determined at trial, and is entitled to a civil penalty as required by law for each violation.

WHEREFORE, Plaintiff, United States of America, through the Relator, requests the Court enter the following relief:

A.    That the Defendants be ordered to cease and desist from further and ongoing violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(A).

B.    That this Court enter judgment against the Defendants, and in favor of the United States of America, in an amount equal to three times the amount of damages the United States of America has sustained because of defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. §3729(a)(1)(A);

C.    That the Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act.

D.    That the Relator be awarded all costs of this action, including attorneys' fees and expenses; and

FILED UNDER SEAL

E.    That the Relator recovers such other relief as the Court determines to be just and proper.

## COUNT V
## (Violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(B), Use of False Statements)
### *Against All Defendants*

101.    The Relator incorporates each of the preceding paragraphs by reference, as if fully restated herein.

102.    This claim applies to the same subject transactions as the Fourth Claim, as referenced in paragraph 97.

103.    The Relator seeks relief against the Defendants pursuant to Section 3729(a)(1)(B) of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B).

104.    As set forth above, the Defendants knowingly, or acting in deliberate ignorance and/or with reckless disregard of the truth, made, used, or caused to be made or used, false records and/or statements material to false or fraudulent claims in connection with the endorsement of the FHA-insured mortgages enumerated in paragraph 97.

105.    The Government paid insurance claims, and incurred losses, relating to wrongfully- endorsed FHA-insured mortgages because of the Defendants' wrongful conduct.

106.    By reason of the false records and/or statements of the Defendants, the Government has been damaged in a substantial amount to be determined at trial, and is entitled to a civil penalty as required by law for each violation.

WHEREFORE, Plaintiff, United States of America, through the Relator, requests the Court enter the following relief:

FILED UNDER SEAL

A.     That the Defendants be ordered to cease and desist from further and ongoing violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(B).

B.     That this Court enter judgment against the Defendants, and in favor of the United States of America, in an amount equal to three times the amount of damages the United States of America has sustained because of defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. §3729(a)(1)(B);

C.     That the Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act.

D.     That the Relator be awarded all costs of this action, including attorneys' fees and expenses; and

E.     That the Relator recover such other relief as the Court determines to be just and proper.

## COUNT VI
### (Violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(G), Reverse False Claims)
*Against All Defendants*

107.     The Relator incorporates each of the preceding paragraphs by reference, as if fully restated herein.

108.     The Relator seeks relief against the Defendants pursuant to Section 3729(a)(1)(G) of the False Claims Act, 31 U.S.C. §3729(a)(1)(G).

109.     This claim applies to the same subject transactions as the Fourth Claim, as referenced in paragraph 97.

FILED UNDER SEAL

110.     As set forth above, the Defendants knowingly made, used or caused to be made or used false records and/or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the United States.

111.     The Government paid insurance claims, and incurred losses, relating to fraudulent FHA-insured mortgages because of the Defendants' wrongful conduct. By virtue of the false records or statements made by the Defendants, the Government suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, and a civil penalty as required by law for each violation.

WHEREFORE, Plaintiff, United States of America, through the Relator, requests the Court enter the following relief:

A.     That the Defendants be ordered to cease and desist from further and ongoing violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(G).

B.     That this Court enter judgment against the Defendants, and in favor of the United States of America, in an amount equal to three times the amount of damages the United States of America has sustained because of defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. §3729(a)(1)(G);

C.     That the Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act.

D.     That the Relator be awarded all costs of this action, including attorneys' fees and expenses; and

FILED UNDER SEAL

E.     That the Relator recover such other relief as the Court determines to be just and proper.

## COUNT VII
**(Violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(A), Causing False Claims)**
*Against the Jewell Defendants, the Transatlantic Defendants, and Cardinal*
*(hereinafter "the Count VII Defendants")*

112.     The Relator incorporates each of the preceding paragraphs by reference, as if fully restated herein.

113.     This claim applies only to the FHA Case shown in Case Ref. No. 17 of Exhibit 1.

114.     The Relator seeks relief against the Count VII Defendants pursuant to Section 3729(a)(1)(A) of the False Claims Act, 31, U.S.C. §3729(a)(1)(A).

115.     As set forth above, the Count VII Defendants knowingly, or acting with deliberate ignorance and/or with reckless disregard for the truth, presented and/or caused to be presented, to an officer or employee of the Government, false and fraudulent claims for payment or approval in connection with of the endorsement of those FHA-insured mortgages enumerated in paragraph 114.

116.     The Government has paid insurance claims, and incurred losses, relating to FHA-insured mortgages wrongfully endorsed by Cardinal and/or Wells Fargo because of the Count VII Defendants' wrongful conduct.

117.     By reason of the false claims of the Count VII Defendants, the Government has been damaged in a substantial amount to be determined at trial, and is entitled to a civil penalty as required by law for each violation.

FILED UNDER SEAL

WHEREFORE, Plaintiff, United States of America, through the Relator, requests the Court enter the following relief:

A.     That the Count VII Defendants be ordered to cease and desist from further and ongoing violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(A).

B.     That this Court enter judgment against the Count VII Defendants, and in favor of the United States of America, in an amount equal to three times the amount of damages the United States of America has sustained because of defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. §3729(a)(1)(A);

C.     That the Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act.

D.     That the Relator be awarded all costs of this action, including attorneys' fees and expenses; and

E.     That the Relator recovers such other relief as the Court determines to be just and proper.

## COUNT VIII
### (Violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(B), Use of False Statements)
*Against the Count VII Defendants*

118.     The Relator incorporates each of the preceding paragraphs by reference, as if fully restated herein.

FILED UNDER SEAL

119.     This claim applies to the same subject transactions as the Count VII, as referenced in paragraph 114.

120.     The Relator seek relief against the Defendants pursuant to Section 3729(a)(1)(B) of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B).

121.     As set forth above, the Count VII Defendants knowingly, or acting in deliberate ignorance and/or with reckless disregard of the truth, made, used, or caused to be made or used, false records and/or statements material to false or fraudulent claims in connection with the endorsement of the FHA-insured mortgages enumerated in paragraph 114.

122.     The Government paid insurance claims, and incurred losses, relating to wrongfully- endorsed FHA-insured mortgages because of the Count VII Defendants' wrongful conduct.

123.     By reason of the false records and/or statements of the Count VII Defendants, the Government has been damaged in a substantial amount to be determined at trial, and is entitled to a civil penalty as required by law for each violation.

WHEREFORE, Plaintiff, United States of America, through the Relator, requests the Court enter the following relief:

A.     That the Count VII Defendants be ordered to cease and desist from further and ongoing violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(B).

B.     That this Court enter judgment against the Count VII Defendants, and in favor of the United States of America, in an amount equal to three times the amount of damages the

FILED UNDER SEAL

United States of America has sustained because of defendants' actions, plus a civil penalty of

not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C.

§3729(a)(1)(B);

      C.     That the Relator be awarded the maximum amount allowed pursuant to

§3730(d) of the False Claims Act.

      D.     That the Relator be awarded all costs of this action, including attorneys' fees

and expenses; and

      E.     That the Relator recovers such other relief as the Court determines to be just

and proper.

## COUNT IX
### (Violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(G), Reverse False Claims)
*Against the Count VII Defendants*

124.     The Relator incorporates each of the preceding paragraphs by reference, as if

fully restated herein.

125.     The Relator seek relief against the Count VII Defendants pursuant to Section

3729(a)(1)(G) of the False Claims Act, 31 U.S.C. §3729(a)(1)(G).

126.     This claim applies to the same subject transactions as the Count VII, as

referenced in paragraph 114.

127.     As set forth above, the Count VII Defendants knowingly made, used or caused

to be made or used false records and/or statements to conceal, avoid, or decrease an obligation

to pay or transmit money or property to the United States.

FILED UNDER SEAL

128.     The Government paid insurance claims, and incurred losses, relating to fraudulent FHA-insured mortgages because of the Count VII Defendants' wrongful conduct.

129.     By virtue of the false records or statements made by the Count VII Defendants, the Government suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, and a civil penalty as required by law for each violation.

WHEREFORE, Plaintiff, United States of America, through Relator, requests the Court enter the following relief:

A.     That the Count VII Defendants be ordered to cease and desist from further and ongoing violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(G).

B.     That this Court enter judgment against the Count VII Defendants, and in favor of the United States of America, in an amount equal to three times the amount of damages the United States of America has sustained because of defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C.§3729(a)(1)(G);

C.     That the Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act.

D.     That the Relator be awarded all costs of this action, including attorneys' fees and expenses; and

E.     That the Relator recovers such other relief as the Court determines to be just and proper.

FILED UNDER SEAL

## COUNT X
## (Violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(A), Causing False Claims)
*Against the Jewell Defendants, the Transatlantic Defendants*
*(hereinafter "the Count X Defendants")*

130.     The Relator incorporates each of the preceding paragraphs by reference, as if fully restated herein.

131.     This claim applies only to the FHA Case shown in Case Ref. Nos. 6 and 27 of Exhibit 1.

132.     The Relator seek relief against the Count X Defendants pursuant to Section 3729(a)(1)(A) of the False Claims Act, 31, U.S.C. §3729(a)(1)(A).

133.     As set forth above, the Count X Defendants knowingly, or acting with deliberate ignorance and/or with reckless disregard for the truth, presented and/or caused to be presented, to an officer or employee of the Government, false and fraudulent claims for payment or approval in connection with of the endorsement of those FHA-insured mortgages enumerated in paragraph 132.

134.     The Government has paid insurance claims, and incurred losses, relating to FHA-insured mortgages wrongfully endorsed by Cardinal and/or Wells Fargo because of the Count X Defendants' wrongful conduct.

135.     By reason of the false claims of the Count X Defendants, the Government has been damaged in a substantial amount to be determined at trial, and is entitled to a civil penalty as required by law for each violation.

WHEREFORE, Plaintiff, United States of America, through Relator, requests the Court enter the following relief:

FILED UNDER SEAL

A. That the Count X Defendants be ordered to cease and desist from further and ongoing violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(A).

B. That this Court enter judgment against the Count X Defendants, and in favor of the United States of America, in an amount equal to three times the amount of damages the United States of America has sustained because of defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C.§3729(a)(1)(A);

C. That the Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act.

D. That the Relator be awarded all costs of this action, including attorneys' fees and expenses; and

E. That the Relator recover such other relief as the Court determines to be just and proper.

## COUNT XI
### (Violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(B), Use of False Statements)
*Against the Count X Defendants*

136. The Relator incorporates each of the preceding paragraphs by reference, as if fully restated herein.

137. This claim applies to the same subject transactions as the Count X, as referenced in paragraph 132.

138. The Relator seek relief against the Count X Defendants pursuant to Section 3729(a)(1)(B) of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B).

FILED UNDER SEAL

139.     As set forth above, the Count X Defendants knowingly, or acting in deliberate ignorance and/or with reckless disregard of the truth, made, used, or caused to be made or used, false records and/or statements material to false or fraudulent claims in connection with the endorsement of the FHA-insured mortgages enumerated in paragraph 132.

140.     The Government paid insurance claims, and incurred losses, relating to wrongfully- endorsed FHA-insured mortgages because of the Count X Defendants' wrongful conduct.

141.     By reason of the false records and/or statements of the Count X Defendants, the Government has been damaged in a substantial amount to be determined at trial, and is entitled to a civil penalty as required by law for each violation.

WHEREFORE, Plaintiff, United States of America, through Relator, requests the Court enter the following relief:

A.     That the Count X Defendants be ordered to cease and desist from further and ongoing violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(B).

B.     That this Court enter judgment against the Count X Defendants, and in favor of the United States of America, in an amount equal to three times the amount of damages the United States of America has sustained because of defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C.§3729(a)(1)(B);

C.     That the Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act.

FILED UNDER SEAL

D.    That the Relator be awarded all costs of this action, including attorneys' fees and expenses; and

E.    That the Relator recovers such other relief as the Court determines to be just and proper.

**COUNT XII**
**(Violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(G), Reverse False Claims)**
*Against the Count X Defendants*

142.    The Relator incorporates each of the preceding paragraphs by reference, as if fully restated herein.

143.    The Relator seek relief against the Count X Defendants pursuant to Section 3729(a)(1)(G) of the False Claims Act, 31 U.S.C. §3729(a)(1)(G).

144.    This claim applies to the same subject transactions as the Count X, as referenced in paragraph 132.

145.    As set forth above, the Count X Defendants knowingly made, used or caused to be made or used false records and/or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the United States.

146.    The Government paid insurance claims, and incurred losses, relating to fraudulent FHA-insured mortgages because of the Count X Defendants' wrongful conduct.

147.    By virtue of the false records or statements made by the Count X Defendants, the Government suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, and a civil penalty as required by law for each violation.

WHEREFORE, Plaintiff, United States of America, through Relator, requests the Court enter the following relief:

FILED UNDER SEAL

A.    That the Count X Defendants be ordered to cease and desist from further and ongoing violations of the False Claims Act, 31 U.S.C. §3729(a)(1)(G).

B.    That this Court enter judgment against the Count X Defendants, and in favor of the United States of America, in an amount equal to three times the amount of damages the United States of America has sustained because of defendants' actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C.§3729(a)(1)(G);

C.    That the Relator be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act.

D.    That the Relator be awarded all costs of this action, including attorneys' fees and expenses; and

E.    That the Relator recover such other relief as the Court determines to be just and proper.

Respectfully submitted,

Jason E. Rheinstein, Esq.
Federal Bar No.: 28433
P. O. Box 1369
Severna Park, MD 21146
(410) 647-9005 (t)
(410) 647-6135 (f)
Jason@jer-consulting.com
*Attorney for Relator*

36

## Certificate of Service

The undersigned hereby certifies that a copy of this Complaint and written disclosure of substantially all material evidence and information Relator possesses has been served on the Government as provided in FRCP 4.

Jason E. Rheinstein

FILED UNDER SEAL