IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>   *ex rel.* Charles E. Moore, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>CARDINAL FINANCIAL CO., L.P., *et al.* )<br>      Defendants. )<br>) | Civil Action No. 12-cv-1824 MJG |

## MOTION FOR EXTENSION OF TIME
## TO SERVE COMPLAINT

Relator, through the undersigned as assignee, pursuant to Federal Rules of Civil Procedure 4 and 6(b), hereby files this Motion for Extension of Time to Serve Complaint, and in support thereof, respectfully states as follows:

1.   On or about June 20, 2012, the above-captioned action was filed under seal in this Court pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3729 et seq. by Relator Charles E. Moore (the "Relator").

2.   As required by 31 U.S.C. §3730(b)(2), and in accordance with Fed. R. Civ. P. 4(d)(4), the United States Attorney for the District of Maryland and the Attorney General were served with a copy of the Complaint and substantially all material evidence and information in the possession of the Relator.

3.   Pursuant to 31 U.S.C. §3730(b), the United States of America (hereinafter "the Government" or "United States") initially had sixty days, subject to extension upon approval from the Court, in which to elect to intervene in a qui tam action.

4. In this case, pursuant to 31 U.S.C. §3730(b)(3), the United States sought several extensions of the period in which to make its intervention decision, which were granted by this Court.

5. In accordance with the statute, the action remained under seal, and the Complaint was not served upon the Defendants during the period before which the United States noticed its election regarding intervention in this qui tam case.

6. Ultimately, in November 2014, the United States decided to decline intervention in this *qui tam* action.

7. On or about November 17, 2014, this Court entered an Order approving the United States' Notice Declining Intervention in this qui tam action, and unsealing this case pursuant to 31 U.S.C. §3730(b)(4)(B) (Docket No. 16).

8. In accordance with 31 U.S.C. §3730(b)(3), service upon a defendant is generally effectuated pursuant to Fed. R. Civ. P. 4 after the Government notices its intervention decision and a qui tam action is unsealed.

9. Because this case was unsealed on November 17, 2014, in accordance with Fed. R. Civ. P. 4(m), the Defendants would ordinarily have been served within 120 days thereof, or before March 17, 2015.

10. On March 18, 2015, this Court, for good cause, entered an order granting the Relator an extension of time to serve the Complaint through and including September 12, 2015 because, inter alia, as of that time, the issue of who had the rights, title and interest to pursue the Relator's claims in this case had not yet been resolved due to the pendency of a bankruptcy proceeding as discussed *infra*.

11. This Motion is being filed because there is good cause for seeking to an additional extension of time to serve the Complaint upon the Defendants in this matter, and as such, the deadline for serving the Defendants should be extended.

12. First, as already noted, during the time period in which the above-captioned action remained under seal, on or about February 20, 2013 (the "Petition Date"), the Relator and his wife filed a joint voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland, resulting in Case No. 13-12841-NVA (the "Bankruptcy Case").

13. Thereafter, Marc H. Baer, Esq. was appointed Chapter 7 Trustee (the "Trustee") of the Relator's Bankruptcy Estate (the "Estate"), and the Bankruptcy Case was declared an asset case.

14. All rights, title and interest in this action, previously held by the Relator, became property of the Estate.

15. On June 15, 2015, after substantial negotiation with the Trustee, the undersigned, who is also a creditor of the Estate, was assigned all rights, title and interest previously held by the Relator in this qui tam case. A copy of the Notice of Assignment, as filed in Bankruptcy Case, is attached hereto as **EXHIBIT 1**.

16. Because this is an extremely complex matter, the undersigned has not yet had a sufficient opportunity to fully evaluate this matter given the Government's non-intervention decision alone. However, the matter is further complicated because notwithstanding the Government's non-intervention decision, since the filing of this *qui*

*tam* action in June 2012, the Government pursued at least three parallel criminal proceedings in this Court related to the allegations and transactions at issue in this *qui tam* action:

    a. United States v. Campbell, 1-12-cr-00618-JKB, filed Nov. 29, 2012
    b. United States v. Miles, 1:14-cr-00325-JKB, filed July 2, 2014
    c. United States v. Agodio, 1:15-cr-00061-JKB, filed Feb. 18, 2015

17. The above-referenced criminal cases resulted in guilty pleas, which the undersigned believes substantiate many of the Relator's allegations in this *qui tam* action.

18. Furthermore, in just the last two days, on September 10 and September 11, 2015, at least two of the above-referenced criminal cases were completed and substantial Orders of Restitution, which may constitute alternative remedies under the False Claims Act, were entered against those defendants. Jonathan Miles, the defendant in the first of the above-referenced cases, is also a defendant in this case. Kevin Campbell, the defendant in the second of the above-referenced cases, is the common law husband of Kathryn Jewell, one of the principal defendants in this case and the individual who actually executed the real estate sale documents for many of the transactions at issue in this case.

19. Given the complexity of this matter, the fact that the rights to pursue this proceeding just recently became resolved¸ and these other new developments, the undersigned requires additional time in order to make a fully informed decision regarding this matter. As such, the Court is asked to extend the deadline for effectuating service upon the Defendants in this matter for a period of 90 days, through and including December 12, 2015.

20. In accordance with Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 6(b), upon a motion showing good cause for extending time to effectuate service of a Complaint on a Defendant, the Court may extend the time for service of a complaint upon a defendant.

21. No parties will be prejudiced by the decision to grant this extension because 31 U.S.C. §3730(b)(3) does not require the Defendants to respond or do anything in this case until 20 days after they have been served with a copy of the Complaint in accordance with Fed. R. Civ. P. 4. Furthermore, this is the first request that has been made for an extension of time to serve the Complaint in this matter since the time that the issue of who has the rights, title and interest to pursue this proceeding has become resolved.

WHEREFORE, the Relator, through the undersigned, respectfully requests that this Honorable Court enter an Order:

A. Granting an additional ninety days (90 days), up to and including December 12, 2015, for completing service upon the Defendants in accordance with Fed. R. Civ. P. 4;

B. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ _____
Jason E. Rheinstein, Esq.
Federal Bar No.: 28433
P.O. Box 1369
Severna Park, MD 21146
(410) 647-9005 (Tel.)
(410) 647-6135 (Fax)
-jason@jer-consulting.com
*Attorney of Record and Relator's Assignee*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 12th day of September, 2015, a copy of the foregoing was served, via CM/ECF to:

> Roann Nichols
> Assistant United States Attorney
> Office of the United States Attorney
> 36 S Charles St Fourth Floor
> Baltimore, MD 21201
> ***Attorney for United States of America***

                                         /s/
                                         Jason E. Rheinstein, Esq.

**DATED: SEPTEMBER 12, 2015**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  *ex rel*. Charles E. Moore, )<br>    Plaintiff, )<br>     )<br>v. )<br>     )<br>CARDINAL FINANCIAL CO., L.P., *et al.* )<br>    Defendants. )<br>     ) | Civil Action No. 12-cv-1824 MJG |

[PROPOSED]
**<u>ORDER</u>**

Having read and considered the Motion for Extension of Time to Serve Complaint, in accordance with Fed. R. Civ. P. 4, this Honorable Court believes there is good cause for the extension of time requested therein pursuant to Fed. R. Civ. P. 6(b). Accordingly, it is this ____day of _____, 2015:

ORDERED, that the Motion for Extension of Time to Serve Complaint shall be and is hereby GRANTED; and it is further

ORDERED, that the deadline for completing service upon the Defendants, in accordance with Fed. R. Civ. P. 4, shall be and it is hereby extended through and including December 12, 2015.

_____<br>
Marvin J. Garbis<br>
United States District Judge