**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ) | |
| CHARLES E. MOORE, ) | |
| ) | |
| Plaintiff-Relator, ) | Civil Action No. 12-cv-1824 MJG |
| ) | |
| vs. ) | |
| ) | |
| CARDINAL FINANCIAL CO., L.P., et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS BOOMERANG PROPERTIES, LLC AND ROBERT SVEHLAK'S MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants Boomerang Properties, LLC ("Boomerang") and Robert Svehlak ("Svehlak")(collectively, "Movants" or the "Boomerang Defendants"), by undersigned counsel, pursuant to Rules 12(b)(1), 12(b)(4), 12(b)(5), 12(b)(6), 9(b) and 56 of the Federal Rules of Civil Procedure and Rule 105 of the Local Rules, hereby file this Motion to Dismiss or in the Alternative, Motion for Summary Judgment in the above-captioned matter, and in support thereof respectfully state:

1.      The Action should be dismissed for insufficient service of process under Rule 12(b)(5) because the complaint was not timely served, and the filing of the First Amended Complaint on the last day of the service period does not begin a new period for plaintiff(s) to serve defendants.  Moreover, one or more earlier extensions of time were improvidently granted because at the time it was requested, the original relator lacked standing to request relief from this Court.  Charles Moore had filed for bankruptcy and all of his assets, including his interest in this *qui tam* action, were transferred to the bankruptcy estate and the trustee had not been

substituted in this action. Additionally, Rheinstein as the attorney filing the request lacked authority to act on behalf of either Mr. Moore or the bankruptcy estate.

2. The First Amended Complaint was filed without leave of Court or the consent of the defendants, as required under Fed. R. Civ. P. 15. As such, it was ineffective and subjects the Action to dismissal for insufficient service of process under Rule 12(b)(4). In light of the circumstances, the Court should strike the Amended Complaint from the record.

3. The original complaint and First Amended Complaint fail to demonstrate the standing of the purported relator(s) such that the Action should be dismissed for lack of subject matter jurisdiction.

4. The Action is barred by *res judicata* because a final judgment on the merits was previously entered in a case between the original relator, Charles Moore, and the Movants that included identical allegations and the same causes of action inasmuch as the same evidentiary facts would support both actions.

5. The allegations set forth in the pleadings fail to state a claim upon which relief can be granted under Rule 12(b)(6) and Rule 9(b). The pleadings allege that Defendants Boomerang and Svehlak took part in an elaborate scheme to fraudulently obtain mortgage insurance. However, Boomerang and Svehlak are not alleged to have been active participants in the alleged scheme, and were only involved in one transaction as sellers.

6. Relator has failed to state a cause of action against Defendants Boomerang and Svehlak under 31 U.S.C. §§ 3729(a)(1)(A), (B) and (G) because he has not alleged that Defendants Boomerang and Svehlak submitted any false claims or statements to the United States government. *See Pencheng Si v. Laogai Research Found.*, 71 F. Supp. 3d 73, 87 (D.D.C. 2014).

7. Further, the fact that the Government is alleged to have paid the mortgage insurance claim at issue in September 2014, nearly three years after Relator first provided notice of the alleged scheme and over two years after the filing of the original complaint, negates a finding of fraud or falsity under the FCA.

8. Defendants are entitled under the FCA to their costs and fees should they prevail. 31 U.S.C. § 3730(g).

9. Defendants Centennial and Schendel hereby incorporate their supporting Memorandum of Points and Authorities.

Respectfully submitted,

/s/ Jason C. Brino
Jason C. Brino (Fed. Bar No. 23535)
brino@bowie-jensen.com
Bowie & Jensen LLC
29 West Susquehanna Avenue, Suite 600
Towson, Maryland 21204
(Tel) 443-921-4229
(Fax) 410-583-2437

*Counsel for Defendants Boomerang Properties, LLC and Robert Svehlak*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of May 2016, the foregoing Motion to Dismiss was served, via the Court's electronic filing system, on all counsel of record.

/s/ Jason C. Brino
Jason C. Brino