**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ) | |
| CHARLES E. MOORE, ) | |
| ) | |
| Plaintiff-Relator, ) | Civil Action No. 12-cv-1824 MJG |
| ) | |
| v. ) | |
| ) | |
| CARDINAL FINANCIAL CO., L.P., et al. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS BOOMERANG PROPERTIES, LLC AND ROBERT SVEHLAK'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Defendants Boomerang Properties, LLC ("Boomerang") and Robert Svehlak ("Svehlak")(collectively, the "Boomerang Defendants"), by undersigned counsel, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Rule 105.9 of the Local Rules of this Court, hereby file this Opposition to Plaintiff's Motion for Extension of Time to File Opposition to Boomerang Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, Dkt. 31 ("Motion for Extension"), and in support thereof respectfully state:

1. As an initial matter, Plaintiff's suggestion that he complied with Local Rule 105.9 is incorrect. L.R. 105.9 states, in pertinent part:

> Before filing a motion to … extend the time for the filing of any document … counsel shall attempt to obtain the consent of other counsel and shall give notice of the motion to other counsel a **reasonable time before** presentation of the motion to the Court.

L.R. 105.9 (emphasis added).

2. Plaintiff accurately states that before filing the motion, he "attempted to ascertain the position of the Boomerang Defendants' counsel regarding this request." Dkt. 31, at ¶ 5. However, Plaintiff did not give notice of his proposed motion in a *reasonable time* before filing it. Instead, he did not contact undersigned counsel by telephone until late in the afternoon (sometime between 4:00 p.m. and 5:00 p.m.) on May 19, 2016, *the same day* that he filed his Motion for Extension (i.e., the day that his opposition to the Motion to Dismiss was due). Undersigned counsel advised that he would need to speak with his clients to determine if they would consent to the request. Undersigned counsel responded within twenty-four hours.

3. Regardless, the Motion for Extension is meritless in that it fails to give sufficient cause for an extension. The lone stated rationale for the extension is the unsealing of certain documents in the record, specifically, Docket Nos. 2, 3, 22 and 23, which Plaintiff claims are needed to "fully address the issues raised" in the Motion to Dismiss. Plaintiff himself refers to this as the "good cause" required under Fed. R. Civ. P. 6(b) for extending the time to respond to the Motion to Dismiss. Dkt. 31, at ¶ 4. In support of this rationale, he writes:

> On May 2, 2016, the Boomerang Defendants filed the Boomerang Defendants' MTD raising a host of issues, including, *inter alia*, **issues pertaining to whether the Amended Complaint was properly filed and whether the Boomerang Defendants were timely served**. For reasons to be fully set forth in the Relator's Opposition to the Boomerang Defendants' MTD, the Boomerang Defendants' are mistaken about all of the issues they raised, and as such, their Motion should be denied, but for the Relator to fully address the **issues raised** (including those **regarding the filing of the Amended Complaint and the timeliness of service**), it is necessary for this Court to first enter an Order unsealing Docket Nos. 2, 3, 22, and 23.

*Motion to Lift Seal*, Dkt. 30, at ¶ 16 (bold emphasis added).[1]

4. Plaintiff acknowledges that the Defendants' Motion to Dismiss raises "a host of issues," however the unsealed documents relate to only two discrete issues raised in the Motion

---
[1] The Motion to Lift Seal is incorporated by reference into the Motion to Extend Time.

2

to Dismiss. The Motion to Dismiss raises numerous other issues which have nothing to do with the unsealed documents. Therefore, Plaintiff's representations that an order unsealing the referenced documents is necessary for Plaintiff "to fully address the issues raised," *see supra*, or "so that the Relator can fully respond to the issues raised" in the Defendants' Motion to Dismiss,[2] are misleading at best.

5. This is illustrated by reference to Fig. 1 below, a reproduction of the Argument portion of the Table of Contents in the Boomerang Defendants' Motion to Dismiss.

**Fig. 1**

IV. ARGUMENT .................................................................................................... 12
    A. The complaint should be dismissed for insufficient service of process under Rule 12(b)(5) and insufficient process under Rule 12(b)(4). ........................................ 12
        1. The complaint was not timely served and the filing of an amended complaint does not begin a new period for service on defendants. ........................................ 12
        2. Neither Relator was authorized to make the March 2015 request for extension. . 13
        3. Relator's Amended Complaint was not Properly Filed under Rule 15(a) and Should be Stricken. ........................................................................................ 14
    B. Relator's pleadings do not satisfy the burden of establishing standing to bring claims against Defendants. ............................................................................................ 16
        1. The pleadings create confusion over the standing and identity of the ............... 16
        relator(s). ........................................................................................................... 16
        2. Rheinstein claims status as successor in interest by way of a contract that violates Maryland's public policy against barratry, champertry and maintenance. .......... 17
        3. Once an action under FCA has been filed, no person other than the Government may intervene. ................................................................................................. 18
    C. Relator's claims are barred by res judicata. ............................................................. 19
    D. Relator has failed to state a claim under the FCA. .................................................. 20
    E. The government's payment of the insurance claim nearly three years after Relator's first report of alleged scheme and over two years after filing original complaint negates the fraud or falsity under the FCA. ............................................................ 24
    F. The Court should award Defendants their fees and expenses under 31 U.S.C. § 3730(g). ................................................................................................................... 25

---

[2] Dkt. 30, at p. 4, n. 1.

Only subsections A.1. (concerning the timeliness of service) and A.3 (concerning the filing of the Amended Complaint) are potentially affected by the unsealed documents, the relevance of which the Plaintiff does not proffer, except for in a very general manner. The unsealed documents have no bearing whatsoever on the numerous other issues raised in the Motion to Dismiss, which comprise the majority of the motion (i.e., fewer than 3 pages, out of 14 total, are devoted to the arguments in subsections A.1 and A.3).

6. Notwithstanding the clever use of the word "including" (see excerpt in paragraph 3, *supra*), the Motion for Extension does not contain any argument or even suggestion that the unsealed documents might in some way relate to the issues raised in the Motion to Dismiss concerning: whether Plaintiff (i.e., original Relator Charles Moore or assignee/successor in interest Rheinstein) was authorized to make the earlier request for extension in March 2015 (Dkt. 29, at pp. 13-14 [Argument section IV.A.2]); Rheinstein's standing *vel non* to bring claims against Defendants (*id*. at pp. 16-19 [section IV.B,]); whether Relator's claims are barred by *res judicata* (*id*. at pp. 19-20 [section IV.C]); whether Relator has stated a claim against Defendants under the False Claim Act (*id*. at pp. 20-24 [section IV.D]); whether the government's payment of the insurance claim at issue years after being formally notified of and ostensibly investigating the alleged scheme negates the viability of the claim under the FCA (*id*. at pp. 24-25 [section IV.E]); or the award of fees and expenses to Defendant (*id*. at p. 25 [section F]).

7. As to those issues to which Plaintiff contends the unsealed documents are related, the Motion for Extension is futile. Plaintiff's Motion to File Amended Complaint *In Camera* and Maintain Records Under Seal (Dkt. 22)("Motion to File Amended Complaint")[3] was not filed until December 13, 2015, ***one day after*** the time for serving the complaint had expired. Service

---

[3] This motion was docketed as "Motion to Seal." *See* Civil Docket for this Action, attached as **Exhibit 1**.

was thus untimely as a matter of law as of December 13, 2015, the date Plaintiff filed his Motion to File Amended Complaint. *See* Fed R. Civ. P. 4(m)(making dismissal of an untimely served complaint mandatory, i.e., "the court … **shall** dismiss the action without prejudice as to that defendant")(emphasis added).

8. Should Plaintiff argue, as expected, that the Court's order granting his Motion to File Amended Complaint (Dkt. 23) obviates the untimeliness of service of the original complaint, a critical step in the analysis is likely to be missing. Because the Motion to File Amended Complaint was filed *after* the time for service had expired, Plaintiff was required to show "excusable neglect," in addition to good cause, for missing the deadline. See Fed R. Civ. P. 6(b)(1)(B))("When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect."). The Motion to File Amended Complaint includes no demonstration of excusable neglect, because none exists. *See, e.g.*, *Colony Apts. v. Abacus Project Mgmt.*, 197 Fed. Appx. 217, 223 (4th Cir. 2006)("'Excusable neglect' is not easily demonstrated, nor was it intended to be.")(citing *Thompson v. E. I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)).

9. This case has been pending since June of 2012, when Plaintiff Rheinstein (then as counsel only to original Relator Charles Moore) filed the original complaint. The original complaint has been unsealed since November of 2014. Every day since then that the Boomerang Defendants are deprived of their right to have this Court consider the bases for dismissal of this Action constitutes compounded prejudice. The Court was never previously asked to consider issues such as standing, the timeliness of service, *res judicata*, the sufficiency of the pleadings, etc. during the years when the government and the Relator(s) filed multiple *ex parte* motions for

relief. In light of the pattern of last minute filings by Plaintiff in this case, falling on or after the expiration of deadlines, as well as the well documented pattern of frivolous filings in other matters concerning these defendants, the Court should not give the benefit of the doubt to this Plaintiff, who has proven himself to be unreasonably litigious, at least when it concerns these defendants.[4]

10. The Boomerang Defendants reserve the right to address the providence of this Court's prior orders granting the Relator's (i.e., Mr. Moore and/or Mr. Rheinstein) numerous requests for extension for service of the complaint on the bases then presented to the Court, as the grounds presented had little if anything to do with the Boomerang Defendants (indeed, the Court was never asked to consider the prejudice to the Boomerang Defendants in particular or whether the ostensible grounds supporting the need to extend time for service were at all related to the Boomerang Defendants).

WHEREFORE, Defendants Boomerang Properties, LLC and Robert Svehlak request that this Honorable Court grant the foregoing motion, deny the Plaintiff's Motion for Extension of Time to File Opposition, and proceed to rule on the pending Motion to Dismiss as unopposed, and provide defendants any other relief justice requires.

---

[4] *See, e.g.*, **Exhibit 2** attached hereto (docket from the Court of Special Appeals reflecting multiple frivolous filings by Mr. Rheinstein, all denied, including multiple motions to dismiss the appeal, multiple motions for reconsideration, a "Motion to Replace Defective and Non-Compliant Record Extract" and two petitions for writ of certiorari filed with the Court of Appeals). *See* also, Dkt. 29-9, Petition for Disciplinary or Remedial Action filed against Rheinstein by the Maryland Attorney Grievance Commission ("AGC Petition"), submitted as an exhibit to the Boomerang Defendants' Motion to Dismiss. The AGC Petition catalogues the many frivolous filings by Rheinstein against Defendants and their affiliates and representatives, by way of example the 68-page "Memorandum in Support of Plaintiffs' Emergency Motion to Disqualify the Imagine Defendants' Counsel, et al." which was stricken from the record *sua sponte* by the Court within a week of its filing in case no. 1:12-cv-02727-ELH (see Dkt. Nos. 85, 86 and 89 therein). Rheinstein recently removed the AGC Petition to this Court, in what is most likely to be deemed yet another frivolous filing. *See* Case No. 1:16-cv-01591-MJG.

Respectfully submitted,

/s/ Jason C. Brino
Jason C. Brino (Fed. Bar No. 23535)
brino@bowie-jensen.com
Bowie & Jensen LLC
29 West Susquehanna Avenue, Suite 600
Towson, Maryland 21204
(Tel) 443-921-4229
(Fax) 410-583-2437
*Counsel for Defendants*
*Boomerang Properties, LLC and Robert Svehlak*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of May 2016, the foregoing Memorandum In Opposition To Plaintiff's Motion For Extension Of Time Motion to Dismiss was served, via the Court's electronic filing system, on all counsel of record and the Office of the United States Attorney .

/s/ Jason C. Brino
Jason C. Brino